UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VIVIAN FRIETZE,

        Plaintiff,

v.                                    Case No. 2:12-CV-00584 SMV/CEG

SAFECO INSURANCE COMPANY
OF AMERICA,

        Defendants.


**<u>PRETRIAL ORDER</u>**

This matter is before the Court pursuant to Fed.R.Civ.P. 16.   The parties conferred and submit the

following Pretrial Order.

## I.   APPEARANCES

Attorneys who will try the action:

      For Plaintiff(s)          Mark Pickett
                                 The Pickett Law Firm
                                 P.O. Box 1239
                                 Las Cruces, NM 88004
                                 (575) 526-3338

For Defendant(s)         Shannon A. Parden, Esq.
                                   Olsen Parden, P.C.
                                   4253 Montgomery Blvd. N.E. Suite G-130
                                   Albuquerque, NM 87109
                                   Tel: 505-881-2782


## II. JURISDICTION AND RELIEF SOUGHT

**A.   Subject Matter Jurisdiction.**

1.  **Was this action removed or transferred from another forum?** _XX_Yes _____ No.

If yes, was the action removed or transferred?

__XX_  Removed  _____  Transferred  _____ Original forum

2.  **Is subject matter jurisdiction of this Court contested?**

_XX_  Uncontested  _____  Contested  _____ Party contesting

3.  **Asserted basis for jurisdiction.**

_____  Federal Question  _XX_  Diversity  _____  Other

Statutory Provision(s) Invoked: _____

**B.  Personal Jurisdiction and Venue.**

**1. Is personal jurisdiction contested?**

_XX_  Uncontested  _____  Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

**2. Is venue contested?**

_XX_  Uncontested  _____  Contested  _____ Party contesting

**C.  Are the proper parties before the Court?**

_XX_  Uncontested  _____  Contested

If contested, identify each missing party or improper party and the basis for the contention:

_____

**D.   Identify the affirmative relief sought in this action.**

    1.   Plaintiff seeks: Monetary damages for medical expenses, pain and suffering, and the nature, extent and duration of her injury as the result of a car crash on May 20, 2007. Plaintiff seeks damages from Defendant pursuant to her under-insured motorist insurance policy.

    2.   Defendant seeks: NA

    3.   Other party seeks: NA

### III.   BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A.   Plaintiff's claims:** Plaintiff was seriously injured in a car crash on May 20, 2007. She suffered injuries to her neck and back. Plaintiff made a claim against the other driver's insurance carrier, State Farm. The claim was settled for the policy limits of $25,000.00. Plaintiff then made a claim with her motor vehicle insurance carrier, Defendant Safeco, pursuant to her under-insured motorist (UIM) coverage. At the time of the crash, Plaintiff carried $150,000.00 in stackable UIM coverage. After offsetting the $25,000.00 settlement with State Farm, Plaintiff had $125,000.00 available to her in UIM coverage.

Plaintiff's UIM claim includes her medical expenses related to the crash on May 20, 2007. Her current medical expenses are $14,864.61. She is also claiming future medical expenses. Plaintiff's claim includes past and future pain and suffering and the nature, extent, and duration of Plaintiff's injury.

Plaintiff also made claims of bad faith and related claims including breach of contract, unfair insurance practices and unfair trade practices. The bad faith and related claims have been bifurcated and will not be raised during the current trial setting.

**B. Defendant's defenses:** Safeco issued Policy No. Y4786442 ("Policy") to Plaintiff, which was in effect on May 20, 2007. The Policy provides reformed underinsured motorist ("UIM") limits of $150,000.00 each person.   After Plaintiff filed suit against the tortfeasor, she and the tortfeasor reached a settlement on or around June 24, 2010 for $25,000, the tortfeasor's policy limits. Plaintiff then made a UIM claim with Safeco, under Plaintiff's Policy. Safeco has paid Plaintiff $10,000 in MedPay under the Policy. The Policy provides that no one will be able to receive duplicate payments for the same elements of damage under the MedPay and the UIM coverage sections of the Policy. As such, after offsetting the $25,000 from the tortfeasor and the $10,000 in MedPay ($35,000 total), the Policy had $115,000 in available UIM coverage.

Plaintiff, who was 43 years of age in 2006, complained to her chiropractor, Dr. Williams, in 2006 that she had severe neck and back pain, and she was treated twice in 2006 for her severe back pain, which had been ongoing for over a year. She also complained to Dr. Williams in 2006 of pain in her upper right thigh, and she was diagnosed with myofascitis. Dr. Radecki, Defendant's expert, will testify, based upon review of her medical records, that, other than her May – June 2007 chiropractic care, Plaintiff's claimed medical damages were not a result of the accident. Dr. Radecki, has opined that Plaintiff's functional daily activity level after the accident was no different from her functional level prior to the accident. He testified that she had pre-existing degenerative disc disease in her neck and lower back. Her degenerative disc disease was exacerbated by the accident and was resolved by July 2007.

Safeco, after offsetting the $10,000 in MedPay and the $25,000 received from the tortfeasor, made Plaintiff a reasonable settlement offer, which Plaintiff rejected. Thereafter, in October 2010 and in March 2011, Plaintiff's counsel advised that Plaintiff was still treating for her injuries.

4

Safeco submits that it has made a more than reasonable settlement offer to Plaintiff and that it was still willing to negotiate a settlement with Plaintiff when Plaintiff filed this lawsuit in State Court.

Safeco denies Plaintiffs' allegations that Safeco acted wrongfully in any manner and affirmatively states that it acted reasonably, in good faith, and with equal consideration to the rights of its insured.

**C.  Claims or defenses of other party(s):**

NA

## IV.   FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.  Stipulated Factual Contentions.**

1.      Safeco issued Policy No. Y4786442 ("Policy") to Vivian Frietze, which was in effect on May 20, 2007.

2.      Plaintiff was involved in a motor vehicle accident on or about May 20, 2007.

3.      On or about June 24, 2010, Plaintiff received $25,000, the tortfeasor's policy limits, in settlement of her claims against the tortfeasor.

4.      Safeco paid Plaintiff $10,000 under the Medical Payment section of Plaintiff's policy.

5.      Safeco is entitled to a $35,000 offset of any damage award made by the jury.

6.      Plaintiff's medical bills provided to Defendant through discovery are authentic and will not be refused based on a hearsay objection. Plaintiff will be required to lay other foundation such as to the necessity of the medical treatment as it relates to the accident.

**B.  Contested Material Facts.**

**1.**  Plaintiff's Contentions:

A.    Plaintiff suffered injuries to her neck and her back as a result of the crash on May 20, 2007.

B.    Based on Plaintiff's injuries as a result of the crash, she qualifies for payment under her UIM coverage with Defendant.

C.    The medical treatment Plaintiff received for her neck and her back was all necessary medical treatment for the injuries Plaintiff suffered in the crash.

D.    The medical treatment Plaintiff received for her neck and her back was all reasonable medical treatment for the injuries Plaintiff suffered in the crash.

E.    Plaintiff's medical expenses which currently total $14,864.61 represents reasonable and necessary medical treatment Plaintiff received as a result of the crash on May 20, 2007.

F.    Plaintiff will require medical treatment for her neck and back into the future which represents reasonable and necessary medical treatment for her neck and back injuries as a result of the crash.

**2.**  Defendant's Contentions:

A.    Plaintiff had degenerative disc disease in her neck and lower back that preceded the May 20, 2007 accident.

B.    Plaintiff was diagnosed with myofascitis prior to the accident.

C.    Plaintiff's exacerbation of her degenerative disc disease by the accident was gone by July 2007.

D.    Because Plaintiff's exacerbation of her degenerative disease resolved by July 2007, not all of the medical treatment that Plaintiff received for her back and neck after the accident was necessary and/or reasonable.

6

E.     Plaintiff will not require medical treatment for her neck and back in the future as a result of the accident; any treatment she would receive would be a result of symptomatic degenerative disk disease and myofascitis that preceded the accident.

**3.**  Contentions of Other Party(s):

## V.   APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

_XX_   Yes      _____   No

7.     **If yes, identify the applicable law.** The substantive law governing this case is the law of New Mexico. Federal procedural law governs procedure in this matter.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

**1.**  Plaintiff

**2.**  Defendant

**3.**  Other party

## VI.   CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

**1.**  Plaintiff

**2.**  Defendant.

**3.**  Other Party

## VII.   MOTIONS

**A.  Pending Motions (indicate the date filed):**

**1.**  Plaintiff - none

**2.**  Defendant - none

**3.**  Other party

**B.   Motions which may be filed:**

    **1.**  Plaintiff - none

    **2.**  Defendant - none

    **3.**  Other party

The briefing package must be complete and filed with the Court by – pre-trial motion deadline has expired.

**VIII.   DISCOVERY**

**A.   Has discovery been completed?**    \_XX\_  Yes  \_\_\_\_\_  No

If no, discovery terminates on  _____.

**B.   Are there any discovery matters of which the Court should be aware?** None

**IX.   ANTICIPATED WITNESSES**

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.   Plaintiff's Witnesses:**

    **1.**  Plaintiff will call or have available at trial the following witnesses:

**Vivian Frietze** – in person

Ms. Frietze will testify about all her claims, her UIM coverage, and the injuries she suffered in the crash. She will testify about the medical treatment she received and is to receive in

the future. Ms. Frietze will testify about how her injuries affected her life.

**Leonard Frietze** – in person

Mr. Frietze will testify about the injuries suffered by Ms. Frietze and the affect the injuries had and continue to have on Ms. Frietze's life.

**Christina Chavez-Kelly** – in person

Ms. Chavez-Kelly will testify about the injuries suffered by Ms. Frietze and the affect the injuries had and continue to have on Ms. Frietze's life.

**Dr. Brian Delahoussaye** – in person

Dr. Delahoussaye will testify about the treatment he provided Ms. Frietze and the treatment he continues to provide to her. Dr. Delahoussaye will testify about any opinions he reached as a result of treating Ms. Frietze including the necessity of his treatment for her injuries as a result of the crash.

Plaintiff will call any witness necessary to lay the foundation for the admission of her medical bills such as record custodians.

**2.**   Plaintiff may call the following witnesses:

**Dr. Richard Williams** – in person

Dr. Williams will testify about the treatment he provided Ms. Frietze. Dr. Williams will testify about any opinions he reached as a result of treating Ms. Frietze including the necessity of his treatment for her injuries as a result of the crash all of which is contained in his deposition.

**Dr. Paul Saiz** – in person

Dr. Saiz will testify about the treatment he provided Ms. Frietze. Dr. Saiz will testify about any opinions he reached as a result of treating Ms. Frietze including the necessity of his treatment for her injuries as a result of the crash.

**Dr. Brett Henderson** – in person

Dr. Henderson will testify about the treatment he provided Ms. Frietze. Dr. Henderson will testify about any opinions he reached as a result of treating Ms. Frietze including the necessity of his treatment for her injuries as a result of the crash.

Plaintiff may call any witness listed by the Defendant.

**B.   Defendant's Witnesses:** Pursuant to Fed. R. Civ. P. 32(a)(4), Defendant objects to Plaintiff calling Dr. Williams by deposition.

**1.**   Defendant will call or have available at trial the following witnesses:

**Dr. Richard Radecki** – in person

Dr. Radecki will testify about the record review IME he performed, Plaintiff's history as set forth in her medical records, and the opinions he reached about Plaintiff's medical condition and treatment, including the reasonableness and necessity of her medical treatment, and any other opinions he set forth in his reports and his deposition testimony. He will also testify about the basis for his opinions to include any additional deposition transcripts or other records.

**2.**   Defendant may call the following witnesses:

**Dr. Richard Williams –** in person. Dr. Williams will testify about the treatment he provided Ms. Frietze beginning in 2006. Dr. Williams will testify about any opinions he reached as a result of treating Ms. Frietze, all of which is contained in his deposition.

Defendant may call any witness listed by the Plaintiff.

## X. TRIAL PREPARATION

**A.   Exhibits.**

The parties must confer over all trial exhibits.   This does not apply to rebuttal exhibits that cannot be anticipated before trial.   The parties must file an original plus three (3) copies of the

parties' "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than September 24, 2013.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than September 24, 2013.   An original plus three (3) copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph.   In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial.   Exhibits must be marked numerically and identify the party offering the exhibit.   The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.   Witness Lists.**

An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by September 24, 2013.   Indicate whether the witness is testifying by deposition or in person.   Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list.   The objecting party must highlight those portions of the requested deposition testimony to which the party objects.   Plaintiff must use a yellow highlighter and defendant must use a blue highlighter.   The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing by October 1, 2013.

**C.   Voir Dire.**

**1.**   If allowed, do the parties wish to participate in *voir dire*?

Plaintiff       _XX_   Yes       _____   No

Defendant       _XX_   Yes       _____   No

11

Other Party    _____ Yes    _____ No

**2.** Each party wishing to participate in *voir dire* must serve on all parties and file with the Clerk, a pleading entitled "Proposed Voir Dire Questions."   The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed *voir dire* questions.   This request must be filed by September 24, 2013.

**D.   Jury Instructions and Verdict.**

**1.   In General.**   The parties must confer about proposed jury instructions.   The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given.   The stock instructions are available from the Clerk.   The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

**2.   Sources for Instructions.**   If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

**3.    Submission of Proposed Instructions.**   The parties must submit one mutually approved set of jury instructions by September 24, 2013.   For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

**4.   Form of Instructions.**

 **a.**   Submit sets of double-spaced instructions as follows:

  1 set(s) of originals without citations and headed "Instruction No.___"; and

  1 set(s) with citations and numbered accordingly, one of which will be filed.

 **b.**   If requested, also submit all instructions in a format compatible with Word

Perfect.   Please refer to the procedures, available on our website, for electronically submitting proposed text.

**c.**   Submit no more than one instruction to a page.

**d.**   All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

**e.**   Submit a cover sheet on all sets of instructions.

**5.   Deadlines for Submitting Instructions.**

**a.**   Instructions shall be filed by September 24, 2013.

**b.**   Supplemental unanticipated jury instructions may be submitted at trial.

**E.   Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection.   The statement must be submitted to the Court by September 24, 2013.

## XI.   OTHER MATTERS

**A.   Settlement Possibilities.**

**1.**   The possibility of settlement in this case is considered:

\_\_\_\_\_   Poor   \_XX\_   Fair   \_\_\_\_\_   Good \_\_\_\_\_   Excellent   \_\_\_\_\_   Unknown

**2.**   Do the parties have a settlement conference set with the assigned Magistrate Judge?

\_\_\_\_\_   Yes   \_XX\_   No   If yes, when? A settlement conference was held February 27, 2013 before Judge Garza.

If a settlement conference has already been held, indicate approximate date: February 27, 2013.

Would a follow-up settlement conference be beneficial?   \_\_\_\_\_   Yes   \_XX\_   No

13

   **3.**  Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?   If yes, please identify. _____

 If no explain why not. The attorneys for the parties are communicating well with one another about settlement possibilities and what it would take to resolve this case. The attorneys believe the best chance to resolve this case would be for the attorneys to continue open communication to reach a resolution.

**B.   Length of Trial and Trial Setting.**

   **1.**  This action is a      _____   Bench trial   _XX_   Jury Trial      _____   Both

   **2.**  The case is set for trial on October 22, 2013.

   **3.**  The estimated length of trial is 4 day(s).

<h2 style="text-align:center"><u>XII.   EXCEPTIONS</u></h2>

<h2 style="text-align:center"><u>XIII.   MODIFICATIONS-INTERPRETATION</u></h2>

    The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.   The pleadings will be deemed merged herein.

    The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this <u>3rd</u> day of <u>May</u>, 2013.

                   *Approved via electronic mail*_____

                   *Attorney for Plaintiff*

                   Mark Pickett

                   The Pickett Law Firm

                   P.O. Box 1239

                   Las Cruces, NM 88004

                   (575) 526-3338

                   */s/ Shannon A. Parden*_____

*Attorney for Defendant*
Shannon A. Parden, Esq.
Olsen Parden, P.C.
4253 Montgomery Blvd. N.E. Suite G-130
Albuquerque, NM 87109
Tel: 505-881-2782

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

15